Albert Frank BONIN, Plaintiff,

v.

CHADRON COMMUNITY HOSPITAL, Defendant.

Albert Frank BONIN, Plaintiff,

v.

R.H. RASMUSSEN, M.D., Defendant.

Nos. 7:CV93–624, 7:CV94–263.

United States District Court, D. Nebraska.

April 28, 1995.

James L. Zimmerman, Sorensen, Zimmerman Law Firm, Scottsbluff, NE, for Albert Frank Bonin.

Jeffrey H. Jacobsen, Jacobsen, Orr Law Firm, Kearney, NE, for Chadron Community Hospital.

Mark E. Novotny, Kennedy, Holland Law Firm, Omaha, NE, for R.H. Rasmussen, M.D.

## MEMORANDUM AND ORDER

KOPF, District Judge.

This matter comes on for consideration of the appeals (Filings 94 and 95) of the defendants from Judge Piester's order (Filing 68). In that order Judge Piester granted plaintiff's motion to strike expert witnesses for both defendants, denied the motion for a physical and mental examination of the plaintiff and denied a motion for continuance.

■ There is no question that Judge Piester was correct as a matter of fact and correct as a matter of law that the disclosure regarding Dr. Goldner and Dr. Books were not complete in that the disclosures did not include: a meaningful report of the expert; the bases and reasons for all opinions to which the expert would testify; the identity of any exhibits or summaries to be used in support for the opinions; and the expert's compensation and past experience in testifying as an expert. These disclosures violated the progression order and Federal Rule of Civil Procedure 26(a)(2). Moreover, defendants efforts to endorse these experts as "rebuttal" or "refutation" experts was clearly untimely since nothing changed between the date of the first disclosure deadline and the second disclosure deadline. At oral argument defendants essentially conceded that the disclosures were neither complete nor timely.

■ Moreover, since the Rule 35 examination motion was to be used by one of the experts whose disclosure was inadequate, the Rule 35 motion was not supported by "good cause" as explicitly required by the Rule. Accordingly, Judge Piester was correct as a matter of fact and correct as matter of law in denying the motion.

■ Still further, the need for a continuance was predicated upon the late or incomplete disclosures identified above. Thus, Judge Piester was correct as matter of fact and correct as a matter of law in denying the motion.

■ The only question remaining is whether Judge Piester was correct in his choice of sanctions for the incomplete and untimely disclosure of experts as set forth in Federal Rule of Civil Procedure 37(c). I find and conclude that the sanctions imposed by Judge Piester—striking the expert witnesses—was too harsh, although the sanctions are entirely understandable.

I am concerned that Judge Piester's choice of sanctions sacrifices a well prepared trial on the merits for compliance with the rules and progression orders. I thus will impose sanctions that will allow the parties to properly prepare for trial, but will also enforce compliance with the rules and progression orders.

Accordingly,

IT IS ORDERED that:

1. the appeals of both defendants (Filings 94 and 95) are denied, except that the court modifies the sanctions set forth in Filing 68 as hereinafter set forth;

2. In lieu of the order striking Dr. Goldner and Dr. Books as experts, the court imposes the following sanctions pursuant to Federal Rule of Civil Procedure 37(c):

a. trial of this matter is continued until July, 1995, at a date to be set by Judge Piester;

b. the plaintiff shall submit to the Rule 35 examination requested by Defendant R.H. Rasmussen, but: (i) said defendant shall pay the reasonable transportation, lodging and subsistence costs of the plaintiff to attend the examination; (ii) the examination shall take place within 20 days of the date of this order;

c. the defendants shall provide plaintiff disclosures regarding Dr. Goldner and Dr. Books which fully comply with Rule 26(a)(2), said disclosures to be provided within 30 days of the date of this order;

d. the defendants shall make Dr. Goldner and Dr. Books available for a discovery deposition within 45 days of the date of this order on a date convenient to the doctors and

plaintiff's counsel, and the defendant hiring the deposed expert shall pay the reasonable transportation, lodging and attorney fees of plaintiff's counsel associated with the taking of the deposition;

e. to the extent that previous trial depositions of Dr. Goldner and Dr. Books have been taken those depositions are stricken, but defendants may retake the trial depositions of Dr. Goldner or Dr. Books within 45 days of the date of this order on a date convenient to the doctors and plaintiff's counsel but only after the discovery deposition provided above has been taken;

f. if plaintiff desires, plaintiff may endorse a rebuttal expert to rebut the testimony of Dr. Goldner or Dr. Books, provided that: (i) plaintiff provides defendants with a disclosure regarding the rebuttal expert which fully complies with Rule 26(a)(2), said disclosure to be provided to defendants 3 days before the expert testifies at trial or by trial deposition; (ii) plaintiff may take the trial deposition of the rebuttal expert upon reasonable notice to defense counsel; and (iii) defendants may not take a discovery deposition of said rebuttal expert, unless agreed by plaintiff's counsel;

g. defendant R.H. Rasmussen, M.D. and his counsel shall pay monetary sanctions to Plaintiff and his counsel in the sum of $1000.00 in order to compensate plaintiff and his counsel for preparing for trial twice;

h. defendant Chadron Community Hospital and its counsel shall pay monetary sanctions to plaintiff and his counsel in the sum of $1000.00 in order to compensate plaintiff and his counsel for preparing for trial twice;

i. if plaintiff procures a money judgment after trial against either defendant that judgment shall draw interest from May 12, 1995, the date trial was originally scheduled to conclude;

j. the parties may vary the time frames set forth herein provided they do so in writing and such variance does not delay the trial of this matter;

k. no further or other discovery shall be pursued by the parties unless ordered by the court.

## ORDER

PIESTER, United States Magistrate Judge.

Pending before me are the motions of defendants Rasmussen and Chadron Community Hospital to reconsider my rulings of April 12, 1995. Those rulings resulted from the parties' dispute concerning the timeliness and completeness of the defendants' disclosures of expert witnesses.

### Dr. Goldner

Defendant Rasmussen disputes the striking of expert witness John C. Goldner, M.D. Dr. Goldner was first made known to plaintiff's counsel on February 27, 1995 by fax transmission of a letter in which he was mentioned. There is no contention that the disclosure made on that date complied with the progression order or the provisions of Rule 26, *F.R.Civ.P.* In response on February 28, plaintiff's counsel faxed a letter to defense counsel in which he´ questioned, "Who is Dr. Goldner?" but did not object to the defendants using him as an expert so long as (1) he would testify an a subject other than the previously named expert for Dr. Rasmussen; and (2) he could examine the plaintiff and be deposed before the deposition deadline in the case, April 4, 1995. On March 3, 1995 defendant Rasmussen served answers to interrogatories (which the plaintiff had apparently served November 14, 1994) disclosing Dr. Goldner as an expert witness. Although those disclosures were timely (the progression order required them by March 6, 1995)[1] they did not comply with the progression order or Rule 26(a)(2), in that the disclosure did not include: a report of the expert; the bases and reasons for all opinions to which the expert would testify; identity of any exhibits or summaries to be used as support for the opinions; and the expert's compensation and past experience in testifying as an expert. The disclosures did include the expert's curriculum vitae, and a

---

1. My finding in my previous order that the disclosure was not timely made was incorrect.

very short statement of his ultimate conclusions.[2]

On March 21, 1995 defendant Rasmussen faxed to plaintiff's counsel a "Disclosure of Refuting Witnesses" in which Dr. Goldner appears again. This disclosure was timely made under the progression order for disclosure of such witnesses.[3] The disclosure is nearly verbatim the same as the previous disclosure, except that this time "Dr. Goldner's written report" is attached to the disclosure. That "report" sets out specifically the materials Dr. Goldner reviewed in reaching his opinions, and states that Dr. Goldner will refute the disclosed opinions of plaintiff's expert, Dr. Karl F. Gross "as set out in the correspondence of Dr. Gross dated July 23, 1993." The "report" is worded entirely in the third person, although it does bear a signature of "J.C. Goldner, M.D." There is no indication of Dr. Goldner's compensation or past experience as an expert witness. Most importantly, there is no description of the bases or reasons for the opinions stated. This disclosure, therefore, did not comply with either Rule 26(b)(2) or the progression order.

Defendant Rasmussen argues that the plaintiff is to blame for defendant's inability to provide full disclosure of Dr. Goldner's opinions and the bases therefor, arguing that plaintiff's counsel reneged on an "agreement" that Dr. Goldner be used and that plaintiff could be examined by him under *F.R.Civ.P.* 35, so long as all of this could be completed in a timely fashion under the progression order. Defendant points to a fax his counsel sent to plaintiff's counsel on March 10, 1995 indicating that, unlike a previous arrangement by which Goldner would examine plain-

tiff after the deposition deadline, a new plan was available to have plaintiff examined by Goldner March 27 and take Goldner's deposition on the deadline, April 4. In response plaintiff's counsel stated in a faxed letter that "any examination" of plaintiff by Goldner would be after the deadline for plaintiff to add any expert designations, and for that reason stated that he would not cooperate any further, sarcastically inviting defendant to simply use Goldner's opinions as they were disclosed. On that date defendant Rasmussen filed his motion for extensions of time and a continuance of the pretrial conference and the trial, because of the breakdown in cooperation among counsel.

There followed the flurry of motions and pleadings which resulted in my rulings of April 10. The defendant did take the deposition of Dr. Goldner on April 4, 1995, however, and plaintiff's counsel did attend, despite the filing of the motion for a protective order.[4]

At the pretrial conference defense counsel argued that since plaintiff's motion to strike referred to Dr. Goldner only as a refuting witness, he should not be stricken from the defendant's expert witness list entirely. The motion to reconsider was then filed.

The facts demonstrate that, as is often true in discovery disputes, "There's blame enough for everyone." Neither side can be called exemplary in its handling of the disagreements among counsel. Defendant has made no showing as to why Dr. Goldner was not disclosed earlier, which might well have obviated the entire dispute, but at the least would undoubtedly have allowed him to examine the plaintiff and be deposed without the contentious attitudes which obviously developed. There also has been no showing as

---

**2.** "Dr. Goldner is expected to testify that, based on his review of the materials, the Plaintiff's heart attack and subsequent treatment were not causes of the Plaintiff's current mental and psychological status. Dr. Goldner is expected to testify that the Plaintiff's current mental and psychological status are a direct result of the Plaintiff's prior alcoholism and work as a boxer."

**3.** The progression order requires the disclosure of expert witnesses "as soon as practicable but not later than" its deadlines. It further cautions, "The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph." Prog.Order, para.

10, filing ____. In view of the apparent fact that defendant was advised of Dr. Gross's opinions and reports, as least those he claims Dr. Goldner will "refute," as early as March 31, 1994, it is difficult to understand how March 21, 1995 is "as soon as practicable." Nevertheless, I treat the disclosure as timely made.

**4.** The notice of the deposition was served March 24, 1995, eleven days before the scheduled deposition; the plaintiff's motion for protective order was filed March 31, 1995. *See, F.R.Civ.P.* 6, 32(a)(3).

to why the disclosures about Dr. Goldner were not in compliance with Rule 26 or the progression order. Plaintiff's counsel could have been more cooperative in arranging Goldner's exam and deposition; the excuse that a late exam and deposition would preclude plaintiff from naming yet another expert is meritless.

Prior to the 1993 amendments to the Federal Rules of Civil Procedure, in the circumstance of a party not complying with the court's progression order in disclosing a witness, the court was to examine the reasons for the failure, the importance of the witness to the case, the prejudice caused to the opponent, and whether a continuance should be granted to allow full preparation for trial including the witness. *See*, e.g., *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874 (8th Cir. 1986). By balancing these factors, the court could determine whether the witness should be stricken, or some other, less punitive, sanction would resolve the dispute and protect the parties' interests.

In the 1993 amendments, however, Rule 37(c) was adopted, imposing an "automatic" preclusion order for a failure, "without substantial justification," to disclose information required to be disclosed, unless the failure is found to be "harmless." This provision is in keeping with the 1993 amendments' thrust to allow parties to rely on their opponent's disclosures as required in Rule 26, to replace the traditional adversary discovery practice. Its purpose is to strengthen the incentive to be forthcoming in the disclosures by penalizing those who are not. *See*, Advisory Committee Comments to 1993 amendment, foll. Rule 37(c), 28 U.S.C. Acknowledging the danger of permitting a party to gain advantage by failing to disclose information harmful to its position, the rule allows other sanctions appropriate to the circumstance. *Id.* By imposing a "self-executing" preclusion order unless the offending party can demonstrate "substantial justification" or "harmless" results, the provision thus appears to alter former Eighth Circuit law by dealing more harshly with a party's failure to disclose.

In this case there has been no substantial justification shown by defendant Rasmussen for the failure to comply with the disclosure requirements. Rather, it appears that the dispute arose in large part because of defendant's procrastination in making any disclosure, and the delay required the disclosure to be incomplete. There is no reason advanced as to why defendant waited until after the depositions of plaintiff's experts to disclose Dr. Goldner; while one might speculate that such delay might facilitate Dr. Goldner's development of opinions, the opinions eventually disclosed certainly do not reflect it, and the information he was said to "refute" had been in counsel's possession for months. The question is whether the failure was "harmless."

I conclude that it was not. By delaying the disclosure of Dr. Goldner until the last permissible minute, and then disclosing inadequate information, defendant gained an advantage at the taking of Dr. Goldner's "trial" deposition. Plaintiff's counsel was caused to rush to prepare for a deposition without adequate notice of the expert's bases and reasons for his conclusions. (If a supplemental "report" was prepared by Dr. Goldner before his deposition, I have not been informed of it and it has not been provided to me). What was a "trial" deposition for the defense was in all probability a "discovery" deposition for plaintiff. While plaintiff has not set forth exactly what harm he has suffered as a result, I cannot conclude that the practice of defense counsel should be condoned. To allow the deposition to be read to the jury under these circumstances would allow defendant to capitalize on defendant's unfairly greater familiarity with Dr. Goldner's opinions. I cannot so reward defendant for such improper actions.

Defendant argues that plaintiff's "invitation" to have Dr. Goldner testify only as to his disclosed opinions and nothing else waived plaintiff's objection to the use of this witness. I rejected that argument in my earlier consideration of this matter. It appeared to me that to allow Dr. Goldner's opinions to be read to the jury, without allowing plaintiff an opportunity to challenge the bases and reasons for them, would unfairly benefit the defendant. On reconsideration, I conclude that plaintiff's counsel's invi-

tation does allow the court to permit the opinions to be read to the jury, with certain protections. Rule 37(c) allows the jury to be informed of a party's failure to disclose in the same way that discovery responses may be read to the jury. *See,* Advisory Committee Comments to 1993 amendments to Rule 37(c). If Dr. Goldner is not permitted to testify, and his deposition is not permitted to be read, his opinions—as disclosed by defendant—may be placed before the jury so long as the jury is informed as follows:

> Members of the jury, you are advised that the defendant was required by rules of practice to disclose to the plaintiff the bases and reasons for Dr. Goldner's opinions and failed to do so. Under these circumstances you may conclude that there is no basis or reason for Dr. Goldner's opinions.

Allowing the reading of his disclosed opinion and so informing the jury of the defendant's failure will ameliorate the harm to each side otherwise caused by either striking the witness entirely or allowing his deposition to be read.

This result will not prejudice the defense. Dr. Goldner's opinions as disclosed are cumulative to those disclosed by defendant's expert Dr. Haley. In fact, they are identical. No motion to strike Dr. Haley was filed and he remains on the defendant's witness list.

### Dr. Books

Defendant Chadron Community Hospital has moved for reconsideration of my order of April 10 striking N. Leon Books, M.D. as and expert witness. What has been said above may be said here as well in most, but not all, respects. Dr. Books was first disclosed after the deadline for disclosure of experts, but as a "rebuttal" expert. The progression order does not provide for "rebuttal" experts, but I assume the intention was for purposes of refuting expected testimony of the plaintiff's experts. However, the disclosure does not indicate in any way what testimony Dr. Books was expected to refute. Dr. Books' "report" is a letter by him to defense counsel. While it does state his conclusions, it does not explain or set forth the bases or reasons for those opinions. More importantly, it does not refer to any opinions of plaintiff's experts, by way of refuting them or anything

else. I cannot conclude that the disclosure was a legitimate disclosure of a "refuting" witness. As such, in addition to being incomplete and thus not in compliance with Rule 26 or the progression order, it was not timely made, since the deadline for disclosing all other expert witnesses was March 6, 1995.

No "substantial justification" has been advanced for the failures to comply with those requirements. Further, I cannot conclude that the failure was "harmless." To allow the use of Dr. Books would be a circumvention of both Rule 26 and the progression order by allowing the defendant to inform the jury of the witness's conclusions without affording the plaintiff the chance to challenge the bases and reasons for them, except by cross examination during trial. To allow only the report to be read to the jury, even with the cautionary language discussed above regarding Dr. Goldner, would also restrict if not eliminate plaintiff's opportunity to challenge the bases and reasons for the opinions. Defendant's violation of the progression order would thus inure to defendant's benefit while causing unfair prejudice to the plaintiff's case. Under these circumstances I conclude that my order striking Dr. Books should remain in place.

### Continuance

While granting the defendant's motion for a continuance would permit greater preparation of the case by the parties, I see no good cause for granting such a continuance when with diligent preparation the case could have been fully ready for trial if defendants' disclosures had complied with Rule 26 and the progression order.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant Rasmussen's motion to reconsider, filing 70 in case # 624, is granted in part. Paragraph 2 of the order of April 10, 1995, filing 68, is amended to read as follows:

> 2. The motion to strike witness of defendant Rasmussen, filing 64, is granted in part, and Dr. John C. Goldner, M.D. may not testify for the defendant in person or by deposition. The disclosure of Dr. Gold-

ner's opinions may be read to the jury, and his curriculum vitae may be offered as an exhibit. However, the jury shall be informed of the defendant's failure to abide by the rules of procedure by reading the following language or similar language to the jury at the time of the reading of the opinions:

> Members of the jury, you are advised that the defendant was required by rules of practice to disclose to the plaintiff the bases and reasons for Dr. Goldner's opinions and failed to do so. Under these circumstances you may conclude that there is no basis or reason for Dr. Goldner's opinions.

The defendant Rasmussen's motion to reconsider is denied in all other respects.

2. The motion of Chadron Community Hospital for reconsideration, filing 71 in case # 624, is denied.

Dated April 27, 1995.